RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0252p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MANN CONSTRUCTION, INC.; BROOK WOOD; KIMBERLY WOOD; LEE COUGHLIN; DEBBIE COUGHLIN,

*Plaintiffs-Appellees,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellant.*

No. 23-1138

─────────────────

Appeal from the United States District Court for the Eastern District of Michigan at Bay City.
No. 1:20-cv-11307—Thomas L. Ludington, District Judge.

Decided and Filed: November 20, 2023

Before: SUTTON, Chief Judge; STRANCH and BUSH, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Francesca Ugolini, Ellen Page DelSole, Geoffrey J. Klimas, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Samuel J. Lauricia III, Matthew C. Miller, WESTON HURD LLP, Cleveland, Ohio, for Appellees.

─────────────────

## OPINION

─────────────────

SUTTON, Chief Judge. When the Internal Revenue Service levied tax penalties against Mann Construction and its owners under one of its regulations, technically a Notice, the taxpayers replied that the IRS violated the Administrative Procedure Act. In a prior opinion, we held that the Notice violated the APA. The IRS voluntarily refunded the penalties to the plaintiffs and agreed not to apply the Notice to the taxpayers in the future. Even so, the district

court on remand proceeded to invalidate the regulation nationwide.  Because the dispute is moot, we vacate the district court's decision.

## I.

In 2004, Congress authorized the IRS to penalize taxpayers who failed to report a "listed transaction" that the agency determined was similar or identical to one it had already identified as a tax-avoidance scheme.  26 U.S.C. §§ 6707A(a), (c)(2).  Three years later, the IRS issued Notice 2007-83, which labeled employee-benefit plans with cash-value life insurance policies as listed transactions.  I.R.S. Notice 2007-2 C.B. 960.

In 2013, Mann Construction created trusts for its co-owners, Brook Wood and Lee Coughlin, that paid the premiums on their cash-value life insurance policies.  Mann deducted the expenses on its tax forms, and Wood and Coughlin counted the death benefits as income.  But none of them reported the trusts as a listed transaction.  In 2019, the IRS determined that the trusts failed to comply with Notice 2007-83 and imposed penalties on Mann ($10,000), Wood ($8,642), and Coughlin ($7,794) for failing to report the trusts over the past five tax years.  All three paid the penalties for 2013, then sought administrative refunds.

After the IRS refused to pay the refunds, Mann Construction and the two individuals filed this lawsuit in federal court.  *See* 26 U.S.C. § 7422(a).  They alleged that Notice 2007-83 violated the APA.  In addition to a refund of the 2013 payment and a rescission of the unpaid penalties for 2014 through 2017, they requested an order and judgment setting aside the Notice, a declaration that it was unlawful, and an order that the Notice did not apply to their trusts' plan.

The government believed that the taxpayers lacked standing to pursue relief other than a refund and conferred with them about the nature of their complaint.  Mann agreed to dismiss "any claim for injunctive or declaratory relief" while continuing to contest the government's motion to dismiss the "claim for monetary relief."  R.60 at 1.  The district court dismissed all but the claim that the Notice violated the APA's notice-and-comment requirements, then granted the government summary judgment on that claim.  We reversed after concluding that Notice 2007-83 was a legislative rule that lacked a Congressional exemption from the APA's notice-and-comment requirements.  *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1144 (6th Cir.

2022).  We concluded that, because the Notice violated the APA, "we must set [Notice 2007-83] aside" and that, "[i]n the absence of this Notice, we need not address the taxpayers' remaining claims." *Id.* at 1148.

On remand, Mann asked the district court to enforce our mandate by "vacating and setting aside Notice 2007-83," ordering the IRS to refund the 2013 penalties with interest, and rescinding penalties for the subsequent years.  R.53 at 1–2.  Before the district court ruled on this motion, the IRS refunded the past penalties with interest, abated the unpaid penalties, and agreed not to apply the Notice to these taxpayers or anyone else within the Sixth Circuit.  *See* I.R.S. Announcement 2022-28, 2022-52 I.R.B. 659 (Dec. 27, 2022).  The government argued that these actions mooted the case as Mann had voluntarily dismissed all but its claims for monetary relief. The district court instead concluded that, because we had held Notice 2007-83 violated the APA, it retained jurisdiction to set aside and vacate the Notice nationwide.  The government appealed.

## II.

The Constitution limits the "judicial power" of the federal courts to "Cases" and "Controversies."  U.S. Const. art. III, § 2.  One imperative in meeting this requirement is that the plaintiffs have a "personal stake" in the outcome of a case.  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  The plaintiffs must not only trace an injury in fact to the defendant's conduct, but they also must establish that their requested relief will redress the injury.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).  If that relief does nothing to redress the alleged injury, a court could do nothing more than issue a jurisdiction-less "advisory opinion." *California v. Texas*, 141 S. Ct. 2104, 2116 (2021) (quotation omitted).

Under these principles, a court generally lacks jurisdiction over a case if the defendant voluntarily gives the plaintiffs everything they ask for.  *See Alvarez v. Smith*, 558 U.S. 87, 92–93 (2009); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) (Kavanaugh, J., concurring); *id.* at 808 (Roberts, C.J., dissenting) ("Where a plaintiff asks only for a dollar, the defendant should be able to end the case by giving him a dollar, without the court needing to pass on the merits of the plaintiff's claims.").  Once the plaintiffs have received all they sought, they no longer possess the "personal stake" in the outcome of a lawsuit necessary to maintain

standing.  *Jarrett v. United States*, 79 F.4th 675, 678 (6th Cir. 2023) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990)).  A court would "enter[] the forbidden territory of advice" if it provided relief in the absence of a live controversy.  *Id.*

These principles apply to tax refund lawsuits.  Taxpayers may challenge the IRS over taxes "erroneously or illegally assessed or collected" and penalties "claimed to have been collected without authority."  28 U.S.C. § 1346(a)(1).  This limited waiver of federal sovereign immunity permits only the "recovery" of payments already made.  *Id.*; *see Jarrett*, 79 F.4th at 679.  It does not extend to relief against future tax payments.  *See* 26 U.S.C. § 7421(a) (banning injunctions against future tax collection, subject to enumerated exceptions); 28 U.S.C. § 2201(a) (excluding federal taxes, apart from actions brought under 26 U.S.C. § 7428, from declaratory relief).  When the government voluntarily returns the full amount that a taxpayer has already paid with interest, the taxpayer's refund claim becomes moot.  *Jarrett*, 79 F.4th at 679–80.  A full refund constitutes "complete relief for a past injury, eliminating the risk that the plaintiff leaves the dispute 'empty-handed'"; therefore, the plaintiff cannot sustain the action because he "cannot show a continuing interest in judicial process."  *Id.* at 679 (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016)).  And because the court may not provide the taxpayer with prospective relief in a refund lawsuit, that refund deprives the court of jurisdiction over the taxpayer's dispute, even if he continues to object to other aspects of IRS policy.  *Id.* at 683–84.

For these same reasons, this tax refund dispute is moot.  Taxpayers sought a refund of past tax penalties and prospective relief against Notice 2007-83.  After we determined that the IRS had illegally promulgated the Notice, the IRS voluntarily refunded the penalties with interest and abated future penalties.  That payment mooted their refund claim and left nothing more for the court to do on the tax claims.  *Id.* at 679–80.

Mann Construction points out that it sought more than just a tax refund.  It also sought independent relief against Notice 2007-83 under the APA.  That law provides that anyone "suffering legal wrong because of agency action" may bring "any applicable form of legal action," including suits for declaratory judgments or injunctive relief, unless Congress has otherwise provided for a "special statutory review proceeding."  5 U.S.C. §§ 702, 703.  The APA thus permits a taxpayer to seek an injunction or declaratory judgment preventing the IRS from

enforcing rules unrelated to future tax collection, such as the reporting requirements of Notice 2007-83. *See CIC Servs., LLC v. IRS*, 141 S. Ct. 1582, 1588–89, 1594 (2021). Mann accordingly requested that we set that Notice aside under the APA to prevent it from having to comply with that rule in the future.

But even if Mann did not waive any injunctive and declaratory relief below, the government fully mooted Mann's claim to relief under the APA when it conceded that it would no longer enforce Notice 2007-83 against these taxpayers or even within the Sixth Circuit. *See* I.R.S. Announcement 2023-11, 2023-17 I.R.B. 798 (Apr. 24, 2023); I.R.S. Announcement 2022-28, 2022-52 I.R.B. 659 (Dec. 27, 2022). A defendant may voluntarily moot a plaintiff's claim about ongoing or future conduct by convincing the court that it has permanently ceased the challenged activity. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91–93 (2013); *Jarrett*, 79 F.4th at 679–80 (holding that the IRS mooted a refund lawsuit when it "concede[d]" error in the taxpayer's case and mailed a check for the full amount plus interest).

Mann responds that the IRS could continue to enforce Notice 2007-83 against other taxpayers, a development that its APA claim will prevent. But Mann cannot overcome the voluntary mooting of a case by pointing to injuries that do not establish its standing in the first instance. *See Already*, 568 U.S. at 96. No matter what the IRS chooses to do with Notice 2007-83 outside of the Sixth Circuit, there is no possibility that it would harm Mann. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 572 n.7 (1992); *see also Jarett*, 79 F.4th at 679–80 (observing that a taxpayer's lawsuit becomes moot when the IRS gives him all the relief he requested). Another taxpayer might, indeed likely would, have a personal stake in that litigation, but not Mann. *See TransUnion*, 141 S. Ct. at 2203.

Mann persists that the regulatory burdens and penalties in a national system of taxation should not depend on the geographic borders of each circuit, requiring the IRS to have the same rule for all parts of the country. But under the policy of nonacquiesence, an agency may respond to an unfavorable judicial ruling by announcing that it will continue enforcing a rule outside of that court's jurisdiction. *See Heartland Plymouth Ct. MI, LLC v. NLRB*, 838 F.3d 16, 21–22 (D.C. Cir. 2016) (explaining how "proper nonacquiesence" facilitates the Supreme Court's resolution of conflicts over the meaning of federal law); *see also Dixon v. United States*,

381 U.S. 68, 70–74 & 71 n.2 (1965); *cf. Charles D. Bonanno Linen Serv., Inc. v. N.L.R.B.*, 454 U.S. 404, 406 & n.2 (1982).

We vacate the judgment of the district court and remand the case with instructions to dismiss it as moot.